Thank you very much. The next case is Parental Guidance, Texas v. Thompson, Incorporated. Mr. Puckett? Good morning, and may it please the court. My name is Donald Puckett. I'm counsel for the appellant, Parental Guidance, Texas. In this breach of contract, first things first, assure the court that it has jurisdiction here, please. Perhaps this is a question best left for Thompson, but I'll take my best stab. As the court knows, we filed this appeal in the Fifth Circuit Court of Appeals. At Thompson's motion, the Fifth Circuit transferred the case here. As the court knows, its jurisdiction extends not only to causes of action where the patent laws create the cause of action, but also where a question of patent law forms an integral part of the decision. In the contract at issue, the parties referenced a particular patent statute, 35 U.S.C. Section 284, and the question presented to this court is, what did the parties mean by their reference to that statute? The Fifth Circuit has determined that this case is most appropriate for resolution by this court, and under the principles... What is a litigation royalty under Section 284? I think the ultimate question is what is a litigation royalty as the parties used that term and defined it in the agreement, but wrapped up in the definition is the parties reference to Section 284. What is a 284 royalty? The trial court and the parties all agree that the reference in the agreement to Section 284 implicates the Georgia-Pacific factors that a court should consider in evaluating a reasonable... Was it just Georgia-Pacific? Doesn't 284 require determination by either a judge or jury? No, Your Honor. Section 284, by its language, says that a court shall award damages upon a finding of infringement, and that if a jury does not find damages, that the court shall assess them. The statute itself is silent regarding whether a stipulation by the parties is sufficient evidence upon which the court may award or assess damages against an infringing party. What happened in the patent infringement lawsuit from which the settlement agreement stems is that Mitsubishi, the last defendant standing, essentially threw its hands up and said, given the claim construction that the court has issued, we can't win, and so we are stipulating to the validity of your patent, to infringement, and to a reasonable royalty rate. And that is the royalty rate that the court used for purposes of the Rule 68 judgment that it entered that terminated at least the district court portion of the case. But that was, of course, the danger that Thompson was really trying to avoid. They could see that everyone would settle but one. The one party maybe has very few TV's at all, and so they're willing to settle for a high royalty rate, and then Thompson gets hit with 60% of that, and they're in real jeopardy with their larger number of TV's. That was the whole thing this provision is meant to avoid, right? I don't think it's quite that simple because language that would have required a trial under the B clause of the favorable termination definition was removed. Yeah, but that was language that would have required that everybody go through a trial, not just the last one standing. I don't think that's correct. The language that was removed would have allowed for a favorable termination if parental got settled with the remaining defendants following a trial of the lawsuit. The language following a trial was removed from the ultimate contract. Yeah, because that could have been read to suggest that everybody had to go through a trial, whereas that was not the intent. I don't think it was ever the intent, and Thompson has never asserted that any settlement with any defendant would have precluded the finding of a favorable termination, or under the provision that excuses payment in the event of settlement with all defendants, certainly a settlement with any particular defendant would not be enough. Under Texas law, we're not supposed to look at the negotiating history anyway unless there's an ambiguity in the contract, right? I think that's generally correct, although the national union case does indicate, and that's the leading statement of the parole evidence rule under Texas law, that the court can always look to the extrinsic evidence in order to interpret the language of the agreement. What the court may not do is look at the extrinsic evidence in order to alter or vary the terms of the contract. The general rule in Texas, as is everywhere else, is you can't look to the negotiating history unless you find an ambiguity, right? That's correct, Your Honor. All right. And the district court here found that this language in the agreement was unambiguous because it required an express determination, which the court said meant a judicial determination, a contested judicial determination. What's wrong with that interpretation, just looking at the face of the agreement? Well, the definition of litigation of royalty does not use the words court. It doesn't use fact-finding procedure, adversarial, or whatever. But I believe it's expressly determined that says that. The district court here found that that suggested a judicial determination as opposed to a stipulated amount or rate. Yes, and the language expressly determined begs the question, expressly determined by whom? And the definition of litigation of royalty doesn't expressly, doesn't provide an actor there. It simply says expressly determined in the court's order, which it was. In the court expressly set forth its finding, based upon the stipulation of the parties, that $1.15 per television was a reasonable royalty. And that is the reasonable royalty that the court assessed pursuant to Section 2B. I thought the court doesn't determine, in a 68 judgment, the court doesn't determine anything. The clerk of the court does. Typically, the rule instructs the clerk to enter judgment as a factor. Well, if you've got a proper on Rule 68, and the other side agrees, so you've got mutuality on the 68, do you ever go near the judge? The judge did enter the judgment following a short hearing by the parties. But we do concede, we've never contended, that the court actually evaluated the evidence. You don't bother the judge any longer once you wrap up a settlement under Rule 68. It is essentially self-executing. And we've never contended that the court evaluated evidence  And the Supreme Court, I mean, hasn't the Supreme Court suggested that it was either held or suggested that a Rule 68 is a settlement? Rule 68 order? No, the Supreme Court has used language indicating that particular parties to its particular Rule 68 agreement that did not reserve appellate rights, as this one did, was a settlement. Even if you reserve some appellate rights, if a Rule 68 accommodation is not a settlement, what is it? Is it an adjudication? Well, in this case, it was essentially an agreement to continue the litigation in the Court of Appeals over the Klanken construction. It's an agreement. It is an agreement, and this court has held that it's an agreement between the parties. That's certainly correct. And we have never claimed that the reasonable royalty that is set forth in the court's judgment was anything more than a stipulation by the parties. But it was a stipulation that was informed by the extensive litigation over the Georgia-Pacific factors, and it was assessed by the court in accordance with the law applicable to Section 284. There is nothing in that body of law that precludes the court from relying upon a stipulation of the parties. In fact, it would be against every notion of judicial efficiency. Well, that's not the point. The point is not whether it's unlawful for the district court to accept the party stipulation or agreement. The question is whether this settlement agreement, when it refers to expressly determined, is referring to a judicial determination involving some sort of judicial judgment, or whether it's including a stipulation by the parties. And if you look, actually, at Black's Law Dictionary, you find determined is usually defined in terms of a judicial determination made on the merits. So why is the best reading of this to include stipulation, when there was all this concern, as Judge Rader referred to, about a potentially collusive or friendly settlement, which would impose duties on Thompson? Your Honor, even with the Black's Law Dictionary definition that you refer to, the idea of a judicial determination does not necessarily mean that on every point the determination must be adversarial and the judge has somehow made a call. It is a common practice within litigation for the parties to stipulate to certain issues, and that is exactly, precisely what happened here. The court adopted the stipulation between Mitsubishi and Parental Guide, and that was reduced to writing in the court's final judgment. That is all the definition of litigation royalty requires. Under the agreement, litigation royalty is not a condition. Well, that's the question, not the answer. You're right. That is the ultimate issue, Your Honor. But the language of the agreement, parsing the words that are used here, it does not require a determination based upon an adversarial presentation of evidence. Well, reasonable royalty is a term of art in patent law, is it not? Absolutely it is. And there is nothing in the body applicable to Section 284. And everybody knows that in 284 a reasonable royalty is one that is determined either by a jury or by a judge. Except in those cases where the parties have stipulated, and we cited the Intervet case, which I think is not presidential. If you stipulate it, how do we know that that's a 284 royalty as opposed to a royalty that's acceptable? There's nothing in 284 that says the only royalty that can ever be awarded in a patent suit has to be computed pursuant to 284, right? The parties extensively litigated the Georgia-Pacific factors. All right, but parties can stip to a non-Georgia-Pacific royalty if they want to, can't they? In theory they can, but there's no evidence that that was the case. No, I'm saying that's what we're talking about as a matter of what this litigation royalty provision means in terms of a term of art. I would think if a patent lawyer read this, they would understand that expressly determined in a lawsuit by accordance with 284 means either by a judge or a jury. The trial court's construction implies that as a condition to the contingent payment obligation that there must have been an adversarial presentation of evidence that somehow precludes the parties from stipulating on this issue. There's nothing in the express language that requires that, and it's only by implication from the law applicable to Section 284 that you can even begin to get there. I don't believe that there's anything in that body of law that requires that. An express determination incorporates at least the requirements of the statute, including a finding by a judge or a jury based on Georgia-Pacific. Again, the words of the statute require the court to award damages, which the trial court in the patent infringement did, and it says that if the jury doesn't find damages, the court shall assess them, and that is what the court did here. It assessed damages upon its finding of infringement. We believe that Section 284… The court didn't assess the damages. The judge assessed the damages. He did. He said that a reasonable royalty rate of $1.15 per television set was a reasonable royalty in this case. The judge said that? It was assessed against the party. I thought the Rule 68 step said that. And the judge, in order to terminate the trial court portion of the case, entered a final judgment which sets forth the $1.15 reasonable royalty rate. If we were to hold that stipulations don't count under this settlement agreement, it has to be a judicial determination on the merits. You lose, right? If the court interprets it to require something more than a stipulation, I agree we've never contended that there was a judicial determination apart from relying upon the stipulation of the parties. And if the court somehow agrees with the trial court that an adversarial presentation invoking a judicial resolution of a dispute is a condition preceded under the contract, then I agree Thompson wins. I'm in my rebuttal time, and I would like to reserve some time if I may. Thank you, Mr. Puckett. Mr. Mulvaney? May it please the court, Judge Ward got it right. Judge Ward got it right, Your Honor. Thompson does not owe any contingent litigation royalty payment in this case. If we were to take the argument we just heard that a stipulated royalty is in essence the same thing as an expressed determination by the court, we would be reading words out of this agreement. There's been a lot of discussion about the fact that... I'll try to speak up, Your Honor. Thank you. There's been a lot of discussion about the fact that this condition is implied in this agreement somehow. It's not implied. There's conditions mentioned throughout this agreement, and all of them have to be met. First, in accordance with this at the beginning of this agreement, if and only if it's contained thereafter. In the litigation royalty section itself, the words if any are there. That is a condition that has to be met. Why isn't it expressly determined if it's done so under Rule 68? Because, Your Honor, if you look at the provision of the contract, of the license agreement, if you look at the definition of litigation royalty, it says that it will be done, expressed determination in accordance with the law applicable to Section 284. In the final non-appealable court order. That is a reference to the definition A of litigation final determination. There it requires a final non-appealable court order, wherein the court holds, which is a question I think was mentioned about, holding is a determination by a court after the presentation of evidence at trial. So, under this agreement, and under the question of Judge Clevenger, it's clear that Section 284 in and of itself requires either the jury or the judge to make a determination of a reasonable royalty. Well, suppose all the background facts are stipulated by the party. And, you know, there's a lengthy stipulation of facts relevant to the Georgia Pacific factors. There's no fact-finding role left for the court or the jury. Does that satisfy the express determination requirement in the agreement? I don't think so, Your Honor. And it's also problematic from this standpoint. The word stipulated in the Merriam-Webster's thesaurus means settled. If the case is settled, the only point that's important to Thompson in this case, the only point that's important to parental guide, which is the number $1.15, it is settled for our purposes. So any stipulation that leads to a court adjudication of the reasonable royalty disqualifies it for being an express determination? In our estimation, Your Honor, yes. Yes. That's a pretty extreme position. I mean, I would think that in a lot of reasonable royalty determination, in the court, there's stipulations as to certain facts. And, you know, to say that the parties can't stipulate it to any fact and it suddenly gets disqualified? I apologize, Your Honor. Let me try that again. These parties, Mitsubishi and parental guide, can stipulate to whatever they want to. There is no problem with them stipulating. We are not here to say that stipulations shouldn't be accepted. That's a favorite. That's not the point. The point is what does the phrase expressly determined and the rest of the language here in the settlement agreement encompass? And I've asked you, well, suppose that the court makes a reasonable royalty determination but does so on the basis of certain facts that have been stipulated by the parties. And you say, no, no, no, that doesn't qualify as an express determination. And I'm suggesting to you that's a pretty extreme position. Well, again, Your Honor, in looking at all the provisions of this contract together, which we must do, if you take that provision and the litigation royalty provision and you read it together with the favorable determination definition, which requires a holding of the court, a stipulation by the parties is not where the court comes in and makes a finding and says I weigh this factor, that factor, because under patent laws, I understand it, the judge has a fair amount of discretion to look at this provision, that provision, what was paid, a lot of things of the Georgia-Pacific factors, which the parties have agreed specifically apply in this case. So if that is the case, it requires that a fact finder make a determination. It's every single fact. Parties can't stipulate to anything. The parties can stipulate, in this case, to whatever they want. No, no, no, but in terms of bringing it within the language. It's not expressly determined unless the court determines every single fact. If the parties stipulate it's a past practice about reasonable royalties under these circumstances, all of a sudden that's not an express determination anymore, right? Well, it may be a determination by the court based upon what the parties have said, but again. It doesn't come within this provision. It doesn't come within this provision because the stipulating doesn't get them there. Wow, that's a pretty aggressive position. Well, Your Honor, the position throughout, and we've had a lot of discussion in this case about whether we go outside the record or outside the agreement or we don't go outside the agreement, but the position, which the court understands from this questioning that Thompson had, was we were not going to leave this to a situation where we were going to pay a settlement royalty. In fact, in the drafts of the agreement, you will see that a settlement royalty provision goes out of this particular document. It goes out during the course of the negotiations. That provision, in our estimation, would have been in conflict with the litigation royalty provision, which has always been in there. The one conflict in this case is the litigation royalty has always been there. So if the court were to make the determination that Your Honor is suggesting, we would effectively be reading out particular provisions of this particular contract. Even if your position that any stipulation of any kind would in fact cause this not to be a litigation royalty may be extreme, but if the ruling of the court were such in this case, it wouldn't be very hard in the future for somebody to avoid the bite of such a harsh rule, right? I mean, this would be very, very easy to write a thing where you say the litigation royalty means any royalty that is entered in a final judgment. Exactly right, Your Honor. If Parental Guide wanted to include a stipulated royalty or a settlement royalty provision, they could have done it, but that came out. They knew how to do it. We've been told that we made a mistake by taking the word trial out. If you look at what actually happened in the court below when Judge Ward was asked that question, the proposal was made that, well, we could have gone to trial, and we could have stipulated the royalty, and that would have been good enough. But the judge says, no, this requires me, the words of disagreement require me to do something, and I didn't do that. He rejected that position. Well, let me just wrap up. Did I understand your adversary correctly to say that reasonable royalty here was provided for by the Rule 68 order? Yeah, that is his position, that it's provided by the order because But the Rule 68 order itself was not a final irrevocable and non-appealable order, right? That's correct. Something later happened. Something later happens. They purport to enter into another settlement agreement. And then what was, I mean, when Mitsubishi gave up its right to appeal, right? Right. Then was there some further document filed in the court? Yes. On November 15th of 2002, they filed their agreement to determinate the litigation between themselves, and on the 20th of November, the motion to dismiss the appeal was filed. So the motion to dismiss the appeal, is that the final irrevocable non-appealable order? Yes, and of course that doesn't have any number in it. There is no litigation of royalty determined by that particular provision. There is no order in this case which has a number in it. So it's part of your argument that litigation of royalty is not to be found in the final irrevocable and non-appealable order. It's found someplace else, if it's found at all. That is part of my argument, yes. Well, Thompson would respectfully request that the court affirm the judgment of Judge Ward. We think Judge Ward got it right. He took the time to write a very careful order on a clear understanding of the parties. Thank you, Your Honor. Thank you, Mr. Mulvaney. Mr. Puckett, you have a little more than two minutes remaining. Thank you, Your Honor. Is it a problem that the litigation of royalty, which you believe was the one that was agreed on by the Mitsubishi and your client, was incorporated in a final irrevocable and non-appealable order? Your Honor, the rule 68 judgment was not final and irrevocable, non-appealable the time it was entered. It subsequently became so. It was not stricken from the record. It remained the final judgment in the case once the Mitsubishi abandoned its appeal. Now, it is correct— What's the docket show? Is there a docket instrument that shows the final, the last step? Because the rule 68 was appealable, so it wouldn't qualify as a finally irrevocable, non-appealable order, right? It was appealable by its terms at the time it was entered, but it subsequently became non-appealable and final. It became the final judgment of the court once the Mitsubishi withdrew its appeal. And there was a piece of paper entered by the trial court giving effect to Mitsubishi's motion to withdraw its appeal. And so, as a technical matter, that was the final piece of paper, but it was not the final judgment. Entry number 90, right? Plaintiff's take nothing. I'm looking at the final judgments on page 28 of the appendix. So it says right there, final judgment, plaintiff's take nothing, all claims against them are dismissed with prejudice. It's my understanding from the record, Your Honor, that— I want to pursue this a little bit if I just can, because we need to find the—where's the rule 68? It's earlier. Your Honor, I believe you're looking at the docket sheet from the trial court below. Yeah, I'm trying to find where the final judgment was. Yeah, the rule 68 judgment, which is in the appendix, and I'll give you the citation. What's the docket number on that? I'm not sure that the docket from the previous patent infringement litigation is in the record. Isn't it going to show up in the docket report in this case? 58? The final judgment of the court is located at 266. I'm looking for the record site, but the docket sheet that Your Honor was referring to is the docket sheet from the proceeding below, I believe. That's correct, Your Honor. That's the docket sheet from the proceeding below in this case, not from the previous patent infringement case. The definition of litigation royalty is referring to the final judgment order from the previous case, which is not reflected in this docket sheet. If I can make just one brief point, and that is this, that conditions precedent in a contract should be set forth expressly. If Thompson thought that it was, quote, buying a trial, close quote, as it has insisted throughout this litigation, it and its three sets of lawyers should have included language to that effect in the agreement, but it did not. The reason that it is so important for conditions precedent to be set forth expressly is because parties rely upon the express language of a contract in shaping their behavior. Parental Guide made its decisions in how to proceed against Mitsubishi by relying upon the express language of the agreement, which only required that Parental Guide secure a final judgment or order from the court that expressly determined a reasonable royalty. Based upon the express provisions of the agreement, Parental Guide reasonably thought that the way it concluded the patent infringement litigation should have triggered the contingent payment, and it's Thompson's responsibility to ensure that other conditions precedent be set forth expressly. Thank you, Mr. Pocket. Thank you.